UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDEEP SINGH,

       Plaintiff,

  v.

P.A.M. TRANSPORT, INC. and
ALAMOUN ALKHATIB,

       Defendants.

Case No. 21-cv-1342-JPG

## MEMORANDUM AND ORDER

      This matter comes before the Court for case management purposes. The Court held a hearing on August 30, 2022. Before the hearing, it had instructed plaintiff Randeep Singh that he must attend in person, and it warned Singh that it would dismiss this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) if he failed to do so (Docs. 50, 53 & 54). Singh did not attend in person, although his counsel appeared on his behalf. At the hearing, the Court announced it would dismiss this case for lack of prosecution, as it warned it would do.

      Dismissal of a case for lack of prosecution is a serious sanction. Dismissal is appropriate only if the court determines that the sanction is appropriately proportional to the plaintiff's conduct. *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 773 (7th Cir. 1997); *see* Fed. R. Civ. P. 41(b). The court must consider "the gravity of the misconduct, the prejudice if any to the defendant, and whether the suit has any possible merit. . . ." *Bolt*, 106 F.3d at 773. It should also warn the party whose claims are to be dismissed, but need not if the conduct is egregious. *Id.*; *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995).

To be sure, Singh's failure to appear in person at the August 30, 2022, hearing is not egregious enough, by itself, to warrant dismissal of this action. However, since the beginning of this case, Singh has been delinquent in a number of ways indicating that, while in theory he wants to pursue this action, in practice he is not willing to do what it takes to prosecute this case without unreasonable delay. The Court outlines Singh's repeated delinquencies:

- Singh filed this case in the Circuit Court for Madison County, Illinois, in November 2020. Singh did not serve defendant P.A.M. Transport, Inc.'s ("P.A.M.") until September 2021, ten months later (Doc. 1-2 at 3);

- By the time defendant P.A.M. removed this case in October 2021, Singh had not yet served process on defendant Alamoun Alkhatib despite knowing his address at the time Singh filed the complaint. The Court issued a rule to show cause about this delinquency, and Singh finally served Alkhatib in February 2022, more than a year after he filed this case. The Court found Singh was not reasonably diligent in his attempts to serve Alkhatib, but exercised its discretion not to dismiss Singh's claims against him (Doc. 15);

- In a motion to compel filed March 17, 2022, P.A.M. reported that Singh had failed to timely respond to interrogatories and requests for production even though the defendants had agreed to extensions of time (Doc. 33). At a March 20, 2022, telephone status conference, the parties reported that they had resolved the dispute (Doc. 35);

- In a second motion to compel filed April 13, 2022, P.A.M. reported that Singh had failed to execute an authorization for medical records he had earlier indicated through counsel that he would execute (Doc. 36). At an April 21, 2022, telephone hearing, the Court ordered Singh to execute medical authorizations limited in scope and to provide certain medical information to his attorney within 30 days so the attorney could review it and make appropriate redactions. The Court warned Singh that it would consider dismissing this case for lack of prosecution if Singh failed to do these things (Doc. 38);

- On May 24, 2022, the Court allowed plaintiff's counsel to withdraw from the case and gave Singh 21 days, until June 14, 2022, to have new counsel enter an appearance or notify the Court he would be proceeding *pro se* (Doc.43). In the meantime, before new counsel appeared (Singh's current counsel), Singh failed to appear at a June 9, 2022, telephone status conference (Doc. 44);

- Singh also failed to notify the Court by June 14, 2022, whether he would appear *pro se* or through counsel, prompting the Court to issue an order to show cause why the Court should not dismiss this case for lack of prosecution in light of his failure to appear at the June 9, 2022, telephone status conference and his failure to notify the Court about his representation (Doc. 45). Singh's present counsel appeared the following day (Doc. 46), and the Court discharged the show cause order;

- At a status conference on July 18, 2022, P.A.M. reported that Singh had not complied with the directions the Court gave on April 21, 2022, regarding producing medical documents and authorizations.  Concerned that Singh was not able and willing to put forth the effort needed to prosecute this case in this district—he lives in Nevada and is an over-the-road truck driver—the Court ordered Singh to appear in person at a status conference on penalty of dismissal for lack of prosecution if he did not (Doc. 49);

- The Court set the in-person status conference for August 18, 2022, and warned Singh that if he failed to attend the status hearing in person, the Court would dismiss this case for lack of prosecution (Doc. 50).  The Court's calendar required continuing the status conference to August 30, 2022, and the Court once again warned Singh about potential dismissal if he failed to appear (Doc. 54); and

- Singh's counsel appeared at the August 30. 2022, status conference, but Singh did not.  His counsel reported that Singh had forgotten about the hearing and that he was in Pennsylvania and unable to find a flight to get to court for the hearing.

In light of these repeated failures to do the things necessary to move this case forward and the Court's repeated warnings of potential dismissal for lack of prosecution, the Court dismissed this case from the bench at the August 30, 2022, hearing.

Delays from Singh's delinquencies have piled up and have resulted in prejudice to the defendants, who are now nearly two years into a case about an event that happened nearly three years ago and facing the prospect of restarting discovery with Singh's new counsel after the old discovery deadlines have passed.  The defendants have suffered prejudice not so much in the substance of its defense but in having to spend its resources to pursue fixes to Singh's repeated delinquencies.

It is a litigant's responsibility to diligently prosecute his case, and Singh does not appear to want to do so, although Singh's counsel stated otherwise at the August 30, 2022, hearing.  The Court is not obligated to frog-march Singh through this litigation, and the defendants should not be forced to expend their resources tagging along in the hopes that things will get better.  It is clear to the Court that Singh is not willing or able to prosecute this case.  Accordingly, the Court

4

**DISMISSES** this case **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) and

**DIRECTS** the Clerk of Court to enter judgment accordingly.  This order renders **MOOT**

Singh's motion for a new scheduling and discovery order (Doc. 51).

**IT IS SO ORDERED.**
**DATED:  September 2, 2022**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**